## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

November 25, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**In Re: D.P. & Z.P.**

**No. 14-0754** (Calhoun County 13-JA-68 & 13-JA-69)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christen M. Justice, appeals the May 20, 2014, order of the Circuit Court of Calhoun County that terminated her parental rights to eleven-year-old D.P. and ten-year-old Z.P. The children's guardian ad litem, Tony Morgan, filed a response on behalf of the children in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and in terminating her parental rights without considering less drastic alternatives to termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, the DHHR filed an abuse and neglect petition against the children's parents. At the time the petition was filed, the children were in their father's physical custody while petitioner lived elsewhere. The petition alleged that the children's father sexually abused another child who was living in the home where he and the children resided; that, while in D.P.'s presence, the father once threatened to harm himself with a rifle; that the children were removed from the parents' home on prior occasions; and that the children received inadequate physical care, as exhibited by their chronic head lice and inadequate clothing. The petition alleged that based on these circumstances, petitioner failed to protect the children and that both parents failed to provide a safe and stable home for the children.

The circuit court held an adjudicatory hearing in January of 2014 after several continuances due to petitioner's absence, despite notice of these hearings and representation by counsel. The circuit court found that petitioner was under the influence of drugs during her testimony. Subsequently, the guardian ad litem requested another continuance on petitioner's adjudication, which the circuit court granted.

In February of 2014, and prior to the scheduled adjudicatory hearing, the DHHR filed an amended petition with new allegations against petitioner. The amended petition alleged that petitioner's mental health history, which included past hospitalizations, affected her ability to parent and that, due to her serious mental health issues and drug usage, petitioner failed to

1

provide a safe and stable home environment for the children. The DHHR further alleged that, due to aggravated circumstances, it was not required to make reasonable efforts to preserve the family. Following an adjudicatory hearing on the amended petition, at which petitioner moved for an improvement period, the circuit court found that petitioner failed to provide any form of support to her children; that petitioner admitted that if she were to see her children in a classroom, she would not be able to identify them; that she did not have the ability to parent her children; that she failed to recognize or acknowledge her children's birthdays or other holidays for several years; and that there was no justification for her lack of support to her children. The circuit court also found that the family had a substantial Child Protective Services ("CPS") history, which included allegations of sexual abuse of the children. Based on these findings, the circuit court found that the parents failed to provide their children with a safe and stable home environment and that petitioner's abandonment of her children constituted abuse and neglect. The circuit court denied petitioner's motion for an improvement period and set the case for disposition.

At the first scheduled dispositional hearing, petitioner appeared intoxicated and the circuit court granted her counsel's motion to continue the proceeding. After the final dispositional hearing, the circuit court entered its order terminating both parents' parental rights. With regard to petitioner, the circuit court reiterated many of its findings from the adjudicatory order. Based on these findings, the circuit court concluded that there was no reasonable likelihood that the conditions of child abuse and neglect could be substantially corrected in the foreseeable future, and that termination of her parental rights was necessary for the children's welfare. Petitioner now appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review of the record, we find no error by the circuit court in denying petitioner's motion for an improvement period. "Abandonment of a child by a parent(s) constitutes compelling circumstances sufficient to justify the denial of an improvement period." Syl. Pt. 2, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991). Under West Virginia

Code § 49-6-12(b), circuit courts have the discretion to grant a post-adjudicatory improvement period if the subject parent demonstrates by clear and convincing evidence that he or she will likely fully participate in the improvement period. West Virginia Code § 49-6-5(a)(7)(A) directs that the DHHR is not required to make reasonable efforts to preserve the family if the circuit court determines that the parent has subjected the children to aggravated circumstances, such as abandonment and sexual abuse. The record shows that petitioner admitted that she failed to support or see her children for several years and that she appeared at two of the hearings under the influence of drugs and/or alcohol. The record shows that even though DHHR services were not offered to petitioner, petitioner was provided the opportunity to complete a psychological evaluation. Petitioner failed to complete the evaluation and failed to appear for her scheduled appointments with the evaluating psychologist. This evidence demonstrates that petitioner did not meet her burden in proving that she would fully participate in an improvement period. Under the circumstances, the DHHR was not required to make reasonable efforts to preserve the family and the circuit court did not err in denying petitioner's motion for an improvement period.

We also find no error in the circuit court's termination of petitioner's parental rights. Under West Virginia Code § 49-6-5(b)(4), a parent's abandonment of his or her children constitutes a circumstance in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. The previously discussed evidence contained in the appellate record supports the circuit court's termination of petitioner's parental rights based on her abandonment of the children and the children's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's May 20, 2014, order terminating petitioner's parental rights to D.P. and Z.P.

Affirmed.

**ISSUED:** November 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II